**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JASON GALL and ALI ALTHOFF, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 1:24-cv-5982 |
| | ) | |
| v. | ) | |
| | ) | **JURY DEMAND REQUESTED** |
| ASCEND CAPVENTURES, INC., WILL | ) | |
| BASTA, and JEREMY LEUNG, | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

Plaintiffs, Jason Gall ("Gall") and Ali Althoff ("Althoff")(collectively, "Plaintiffs"), by their undersigned attorneys, Tarpey Wix LLC, for their Complaint against Defendants, Ascend Capventures, Inc. ("Ascend"), Will Basta ("Basta") and Jeremy Leung ("Leung"), state as follows:

## NATURE OF THE CASE

1.     This case involves Defendants' false representations, false promises and deception regarding their experience and expertise in achieving financial success in the ecommerce industry that led Plaintiffs to invest over $140,000 of their hard-earned money with Defendants.  Instead of providing the promised services, Defendants did virtually nothing to establish Plaintiffs' ecommerce business and then strung Plaintiffs along for months with false and misleading excuses for their failure to perform and promises the rectify the situation before going silent and absconding with Plaintiffs money.  It is this conduct that forms the basis for the causes of action alleged herein.

## PARTIES

2.     Gall is an individual and a citizen of Illinois.

3.     Althoff is an individual and a citizen of Iowa.

4.      Ascend is a Wyoming corporation with its principal place of business located at 1309 Coffeen Avenue, Suite 2784, Sheridan, WY.  Upon information and belief, Ascend Capventures may now be doing business under the name(s) ACV: Accelerated eCommerce Ventures, Ascend Capventures Distribution and/or ACV Partners.

5.      Basta is an individual who, upon information and belief, is a citizen of California. Basta is one of the co-founders of Ascend.

6.      Leung is an individual who, upon information and belief, is a citizen of Texas. Leung is one of the co-founders of Ascend.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the matter in question exceeds the sum of $75,000.00 and involves citizens of different states.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions that give rise to this case occurred in this District.

## FACTS COMMON TO ALL COUNTS

9.      In or around June, 2023, Plaintiffs were jointly looking for an investment opportunity.

10.      After learning of Ascend through an Instagram advertisement, Plaintiffs began discussions with Basta and Leung regarding Ascend providing various services as necessary and required to prepare, manage and operate Amazon.com and Walmart.com ecommerce stores on their behalf.

11.      Through written communications and promotional material, Basta and Leung promoted Ascend as a pioneer in sustainable, innovative, high-growth investing in Amazon and

Walmart with over 100+ years of combined experience in the ecommerce industry. Basta and Leung also claimed that Ascend had over 350 employees with more than 100 warehouse staff and team members in the United States, warehouse facilities in Texas, Florida and Michigan and access to thousands of exclusive vendors/manufacturers in name brand products and exclusive direct to manufacturer deals.

12.     Basta and Leung represented that Ascend had proprietary Artificial Intelligence ("AI") and data driven product sourcing to ensure its clients' success and guaranteed inventory would sell through the ecommerce stores within 90 days or Ascend would buy back the inventory. Basta and Leung also promoted a 36-month return on investment ("ROI") guarantee on all stores.

13.     In performing their due diligence of Ascend, Plaintiffs reviewed several favorable articles and reviews of Ascend posted on the Internet. Upon information and belief, these articles and reviews were fake and were posted by Basta and/or Leung. This was unbeknownst to Plaintiffs at the time.

14.     Based on the representations and promises of unparalleled services and financial success made by Defendants, Plaintiffs entered into an Amazon Seller Management Agreement effective July 12, 2023 ("Agreement") with Ascend. A copy of the Agreement is attached as Exhibit A.

15.     As part of the Agreement, Plaintiffs paid an Initial Service Fee of $93,000 ("Service Fee").

16.     In exchange for the Service Fee, and pursuant to the Agreement, Ascend agreed to provide services to fully prepare, manage, and operate an Amazon.com store, including, but not limited to, the following:

- Amazon.com store approval support;

- Reseller certification services support;

- Product research, sourcing, selecting and listing of products for sale on amazon.com;

- Sourcing wholesale suppliers;

- Handling customer service, returns, issuing refunds, bookkeeping and handling all issues that arose concerning Plaintiffs' account; and

- Oversight of the store and its financial performance and provide proper billing for account management services.

17.    In addition, the Agreement provided that Ascend would launch and manage a Walmart store for Plaintiffs, which the parties agreed would begin six (6) months after the Amazon platform was established, and provide two (2) private label products.

18.    The Agreement further contained the guaranteed buyback of the Service Fee if Plaintiffs had not made back that initial investment within 36 months and the guaranteed buyback of any inventory if not sold within 90 days as had been promised by Basta and Leung and contained in Ascend's promotional materials.

19.    On or about September 5, 2023, after complying with all their obligations under the Agreement to start the Amazon store, Plaintiffs paid Ascend $49,388.96 for inventory ("Inventory Fee") to stock their Amazon store.

20.    Less than a month later, on October 2, 2023, Plaintiffs began to experience issues regarding the stocking and shipping services to be provided by Ascend.  After repeatedly reaching out to Ascend representatives through Slack (used by Ascend for communications) to discuss these issues, they finally received a response on October 16, 2023, stating that Ascend

had experienced warehouse issues caused by USPS and that it had temporarily suspended operations for all stores. Plaintiffs were assured that this issue was being resolved quickly and priority would be given to the listings in their store.

21. Unfortunately, despite several dozen attempts by Plaintiffs to communicate with Ascend, many of which were ignored for long stretches of time, and multiple promises by several different Ascend representatives that everything was being resolved, these "shipping" issues persisted for months. During this time, several Account Managers were assigned to Plaintiffs' account only to leave Ascend a short time later.

22. The "shipping" issues conveyed by Ascend were false and were nothing more than a cover for Ascend's failure to perform pursuant to the Agreement.

23. Growing increasingly concerned with the lack of any activity on their Amazon store and the ongoing "shipping" issues, on December 1, 2023, Plaintiffs first requested a buyback of the Inventory Fee that had been guaranteed as part of the Agreement. That request, as well as several other requests for a return of the Inventory Fee, was completely ignored by Ascend.

24. Despite numerous attempts by Plaintiffs to communicate with Ascend regarding the issues with their Amazon store, they have received nothing but false promises by Ascend representatives that the issues were being handled. To date, almost a year after executing the Agreement and paying the Service and Inventory Fees, there has been limited activity on the store with next to no revenue. For long stretches, the inventory listed on Plaintiffs' Amazon store did not match the inventory that was purchased with the Inventory Fee.

25. Currently, the Amazon store does not list any inventory even though Plaintiffs paid Ascend the Inventory Fee. Rather than fixing the supposed shipping issues and have the

Amazon store operational with the correct inventory, Ascend instead sought to have Plaintiffs issue false chargebacks on the inventory they purchased and, incredibly, even sought for them to contribute more money for the purchase of additional inventory.

26.     The opening of the Walmart store, which was promised within six (6) months and is part of the Agreement, has never occurred.

## COUNT I
## Breach of Contract
## (v. Ascend)

27.     Plaintiffs repeat and reallege paragraphs 1 through 26 above as if set forth fully herein.

28.     The Agreement is a valid and enforceable contract.

29.     Plaintiffs have performed all necessary conditions precedent.

30.     Ascend has breached the Agreement in at least the following respects:

a.  Failing to source, select and list products for sale on the Amazon.com store;

b.  Failing to source wholesale suppliers;

c.  Failing to provide oversight of the store;

d.  Failing to service Plaintiffs in a professional manner according to industry standards without intentional misrepresentations and/or willful misconduct;

e.  Failing to provide two (2) private label products;

f.  Failing to return the Inventory Fee;

g.  Failing to return the Service Fee; and

h.  Failing to launch and manage a Walmart.com store.

31.    As a result of Ascend's breaches of the Agreement, Plaintiffs have incurred, and will continue to incur, damages.

WHEREFORE, Plaintiffs, Jason Gall and Ali Althoff, respectfully request that this Honorable Court enter judgment in their favor on Count I of this Complaint against Defendant, Ascend Capventures, Inc., and award damages in an amount in excess of $75,000.00 to be proven at trial plus costs of suit and for such other and further relief as this Honorable Court deems equitable and just.

**COUNT II**
**Fraud**
**(v. all Defendants)**

32.    Plaintiffs repeat and reallege paragraphs 1 through 26 above as if set forth fully herein.

33.    Defendants, through the unequivocal representations of Basta and Leung and through promotional materials, made false statements of material fact regarding Ascend's operations, financial successes, guarantees of ROI and inventory fees and the services to be provided.

34.    Defendants falsely represented to Plaintiffs that in exchange for the payment of the Service Fee they would provide the services alleged herein.

35.    Defendants further falsely represented the reasons why Ascend was not able to perform under the Agreement by claiming Ascend was experiencing "shipping" issues.

36.    Upon information and belief, Defendants also posted false articles and reviews regarding Ascend's services and performance on the Internet.

37.    Defendants knew these statements to be false at the time they were made.

7

38.     Defendants made these false statements with the specific intent to induce

Plaintiffs to enter into the Agreement, pay the Service and Inventory Fees and to make additional

payments to Ascend without any intention of providing the promised services.

39.     Plaintiffs reasonably and justifiably relied on Defendants' false statements of

material fact in entering into the Agreement and paying the Service and Inventory Fees.

40.     Plaintiffs have incurred damages due to their reliance on Defendants' false

statements of material fact.

WHEREFORE, Plaintiffs, Jason Gall and Ali Althoff, respectfully request that this

Honorable Court enter judgment in their favor on Count II of this Complaint against Defendants,

Ascend Capventures, Inc., Will Basta and Jeremy Leung, and award damages in an amount in

excess of $75,000.00 to be proven at trial, punitive damages, plus costs of suit and for such other

and further relief as this Honorable Court deems equitable and just.

### COUNT III
### Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act
### (v. all Defendants)

41.     Plaintiffs repeat and reallege paragraphs 1 through 26 above as if set forth fully

herein.

42.     At all relevant times, the Illinois Consumer Fraud and Deceptive Business

Practices Act, 815 ILCS 505/2 ("Consumer Fraud Act"), was in effect.

43.     The Consumer Fraud Act prohibits unfair or deceptive acts or practices,

including, but not limited to, the use or employment of any deception fraud, false pretense, false

promise, misrepresentation or the concealment, suppression or omission of any material fact,

with intent that others rely upon the concealment, suppression or omission of such material fact.

815 ILCS 505/2.

44.     As alleged herein, Defendants engaged in deceptive acts or practices under the Consumer Fraud Act with the intent that Plaintiffs rely on the deception.

45.     Defendants engaged in the deception alleged herein during a course of conduct involving trade or commerce.

46.     Defendants deceptive conduct and violations of the Consumer Fraud Act were the direct and proximate cause of Plaintiffs damages, including, but not limited to, payment of the Service and Inventory Fees.

WHEREFORE, Plaintiffs, Jason Gall and Ali Althoff, respectfully request that this Honorable Court enter judgment in their favor on Count III of this Complaint against Defendants, Ascend Capventures, Inc., Will Basta and Jeremy Leung, and award damages in an amount in excess of $75,000.00 to be proven at trial, punitive damages, reasonable attorneys' fees plus costs of suit and for such other and further relief as this Honorable Court deems equitable and just.

**COUNT IV**
**Piercing the Corporate Veil/Alter-Ego Liability**
**(v. Basta and Leung)**

47.     Plaintiffs repeat and reallege paragraphs 1 through 46 above as if set forth fully herein.

48.     Basta and Leung are the owners of Ascend.

49.     Basta and Leung exercised complete control or influence over all the activities of Ascend.

50.     Ascend is a mere façade for Basta's and Leung's operations and business.  Basta and Leung used Ascend as an instrumentality to conduct their own business and to perpetrate a fraud on Plaintiffs by entering into the Agreement, receiving the Service and Inventory Fees and

generate other fees from Plaintiffs without ever having any intention of Ascend performing its obligations or abiding by the guarantees to return the Service and Inventory Fees.

51.     Basta and Leung benefitted personally from the Service and Inventory Fees paid by Plaintiffs.

52.     Basta and Leung had such a unity of interest and ownership that the separate corporate personality of Ascend ceased to exist.

53.     Basta and Leung intentionally and fraudulently deceived Plaintiffs into signing the Agreement and paying the Service and Inventory Fees by committing a fraud upon Plaintiffs and then further purposefully concealed their fraud by operating the same or similar business under different entities.

54.     Adherence to the fiction of a separate corporate existence of Ascend under these circumstances would sanction a fraud, promote injustice and/or promote inequitable consequences.

WHEREFORE, Plaintiffs, Jason Gall and Ali Althoff, respectfully request that this Honorable Court enter judgment in their favor on Count IV of this Complaint against Defendants, Will Basta and Jeremy Leung, individually, in an amount in excess of $75,000 to be proven at trial plus costs of suit and for such other and further relief as this Honorable Court deems equitable and just.

**DATED**: July 16, 2024                    Respectfully submitted,

**Jason Gall and Ali Althoff**

 /s/ David G. Wix
                    One of Their Attorneys

David G. Wix (6226391)
**TARPEY WIX LLC**
225 W. Wacker Drive, Suite 1515
Chicago, IL 60606
(312) 948-9093 Office
(312) 948-9105 Fax
dwix@tarpeywix.com